UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSS LANE NELSON,    CASE NO.: 22-2409

    PLAINTIFF,

V.

MAJOR SITE DEVELOPMENT, INC.
And ROBERT L. MAJOR, Individually,

    DEFENDANT.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, ROSS LANE NELSON, (hereinafter referred to as "the Plaintiff"), by and through his undersigned counsel and sues the Defendants, MAJOR SITE DEVELOPMENT, INC ("Corp. Defendant") AND ROBERT L. MAJOR ("Major") (hereinafter collectively referred to as "Defendants"), and states as follows:

### INTRODUCTION

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq ("FLSA") and Florida Private Sector Whistleblower's Act "FWA", Fla. Stat. Ch. 448.101-.105 ("FWA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. The venue is proper in the Middle District of Florida because the Defendants employed the Plaintiff in Sarasota County, Florida, where the Defendants maintains its headquarters in the Middle District of Florida.

4. The Defendant, Corp. Defendant, is a Florida for profit corporation and conducts business in Sarasota County, Florida, where the Plaintiff worked for the Defendants, and at all times material hereto was and is engaged in interstate commerce.

5. The Defendant, Major, is the majority shareholder of Corp. Defendant.

6. The Plaintiff has retained the Malatesta Law Office to represent him in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## FLSA JOINT EMPLOYERS

7. At all times material hereto, Defendants were Plaintiffs' "joint employer" for purposes of Plaintiffs overtime and minimum wage claims alleged herein based upon their control over the terms and conditions of Plaintiff's work, their pay, their hours and conditions of work, and the overtime violations described herein.

8. The Plaintiff performed work constituting engagement in interstate or foreign commerce, or the production of goods for interstate commerce and/or a closely related process or occupation directly essential to such production.

9. At all times pertinent to this Complaint, the Employer/Defendants obtained and solicited funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

10. The annual gross revenue of the Defendants was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

11. The Plaintiff returned working for the Company as a Dump Truck Driver for a second time on or about December 20, 2021.

12. The Plaintiff worked for the Defendants until June 21, 2022.

## WAGE AND HOUR ALLEGATIONS

13. Plaintiff's work the week during his first week of employment, December 20, 2021, through December 24, 2021, was held back by the Company. All paystubs were misstated by seven calendar days reflecting this holding back of compensation.

14. The Plaintiff was an hourly employee making during his first pay period for which he was never compensated.

15. The Plaintiff estimates he worked fifty-five hours during this time pay period.

16. The Plaintiff was converted into a salaried employee in his third week of employment.

17. However, the Plaintiff does not meet the requirements for an exempt employee under the FLSA.

18. The Plaintiff is entitled to overtime for all hours worked in excess of forty hours between January 10, 2022, and June 21, 2022.

19. Plaintiff provided notice of this wage violation in accordance with the requirements of Fla. Stat. § 448.110 on July 25, 2022.

## COUNT I: VIOLATION OF THE FLORIDA MINIMUM WAGE ACT
**(Against Corp. Defendant)**

20. Plaintiff realleges Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. Pursuant to Article X, Section 24 of the Florida Constitution, Corp. Defendant was required to pay Plaintiff at least the applicable Florida minimum wage for his hours worked.

22. Plaintiff worked hours for the Corp. Defendant for which he was paid below the FMWA statutory minimum wage.

23. Plaintiff estimates he was not paid for 55 hours of work between December 20, 2021, and December 24, 2021.

24. Moreover, the Corp. Defendant paid the Plaintiff nothing as wages for time worked during said week.

25. The Corp. Defendant willfully violated the FMWA.

26. Plaintiff provided notice of these unpaid Florida Minimum Wages on July 25, 2022.

27. Plaintiff is entitled to liquidated damages.

**WHEREFORE**, the Plaintiff, ROSS LANE NELSON, demands judgment in his favor and against the Defendant, MAJOR SITE DEVELOPMENT INC., for damages and relief as follows:

a) Declaring that the Defendants, violated the minimum wage provisions of Florida Minimum Wage Act

b) Awarding Plaintiff minimum wages compensation in an amount of $550.00;

c) Awarding Plaintiff liquidated damages in an amount of $550.00;

d) Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to §448.08, *Florida Statutes*;

e) Awarding Plaintiff post-judgment interest; and

f) Ordering any other and further relief this Court deems to be just and proper.

## COUNT II: UNPAID WAGES
**(Against Corp. Defendant)**

28. Plaintiff realleges Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

29. The Corp. Defendant agreed to pay the Plaintiff $18.00 per hour during his first week of employment.

30. The Corp. Defendant failed to compensate the Plaintiff any compensation during this time period.

31. Plaintiff provided notice to his employer that he was not paid for fifty hours during his first work week.

32. Plaintiff is entitled to $720 in compensation for the first forty hours he worked during this period.

33. Plaintiff is entitled to $405 in overtime compensation for fifteen hours of overtime he worked during this period.

34. After the third week of the Plaintiff's employment, he was compensated on a salary basis of $1,275.00 per week.

35. The Plaintiff worked two business days in his final week of employment.

36. The Corp. Defendant was entitled to deduct three business days or sixty percent (60%) of his last week's salary.

37. The Corp. Defendant did not pay the Plaintiff the appropriate salary for his final paycheck. The Plaintiff was paid $232.72 instead of $510.00. The Plaintiff is entitled to an additional $277.28.

38. Defendants continue to intentionally withhold the Plaintiff's compensation despite the demand.

39. Plaintiff is entitled to recover from Defendant his attorneys' fees and costs incurred in making a claim for unpaid wages, under Florida Statutes, Section 448.08, should he prevail.

   **WHEREFORE**, the Plaintiff, ROSS LANE NELSON, demands judgment in his favor and against the Defendant, MAJOR SITE DEVELOPMENT INC., for damages and relief as follows:

    a. Award the Plaintiff $1,402.28 in unpaid wages and salary,

    b. Pre-judgment interest;

    c. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to §448.08, *Florida Statutes*; and

    d. Such other and further relief as the Court deems just and proper.

### COUNT III: VIOLATION OF 29 U.S.C. § 207 (OVERTIME)
### (Against All Defendants)

40. Plaintiff realleges Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

41. During Plaintiff's employment, he worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of her hours.

42. The Plaintiff was misclassified as a salary-exempt worker not subject to the requirements of FLSA between January 10, 2022, and June 17, 2022. This was a period of 23 weeks where he was paid a salary of $1,275.00 per week.

43. The Plaintiff estimates that he worked an average of fifty-five hours per week during this period.

44. The Plaintiff regular rate of pay assuming a workweek of fifty-five hours is $23.18 per hour. The Plaintiff would be entitled to half-pay for the fifteen hours of overtime each and every week ($173.86 per week). The Plaintiff estimates that he is entitled to $3,998.86 in overtime.

45. This calculation is subject to change as the actual hours worked during this period varied.

46. The Defendants willfully violated the FLSA by failing to compensate the Plaintiff at time and one-half for all hours worked.

47. Plaintiff is entitled to liquidated damages for this intentional violation of the FLSA.

**WHEREFORE,** the Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff $3,998.86 in overtime wages;

c. Awarding Plaintiff $3,998.86 in liquidated damages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

### COUNT I: VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLEBLOWER'S ACT "FWA"
**(Against Corp. Defendant)**

48. Plaintiff realleges Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

49. Section 448.103, Florida Statutes, provides a cause of action for any employee who has been the object of a retaliatory personnel action for objecting to or refusing to participate in any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation. *See* Florida Statutes § 448.102-448.103.

50. On Friday, June 17, 2022, Plaintiff notified both Kevin Harvard, Manager, and Robert Major, owner, that the vehicle was not safe to drive. Specifically, Plaintiff informed the Harvard and Major that the vehicle's lights were not operational, including but not limited to hazards, taillight, break light, turn signal and head light, it was leaking oil, and there was an air leak. These safety hazards violated DOT regulations governing operation of the Dump Truck.

51. In response, Mr. Harvard stated "I don't know what you want me to do – my hands are tied."

52. Plaintiff was threatened that if he didn't continue to operate the vehicle, then he could "go to the fucking house" and Plaintiff understood that to mean he would be sent home and potentially fired. The Plaintiff was told it would be fixed over the weekend. Under protest, the Plaintiff finished the workday.

53. On Monday, June 20, 2022, Plaintiff returned to work to find nothing fixed. Plaintiff was given excuses and told that it would be fixed by Tuesday. It was reiterated that he would not have a job if he did not operate the truck.

54. On Tuesday, June 21, 2022, the Plaintiff returned to work to find nothing fixed. When the Plaintiff told them he would not operate the truck he was told to "Go the Fuck Home" by Mr. Harvard. Mr. Harvard was elevated and angry when the Plaintiff refused to operate the truck. Plaintiff didn't engage with Mr. Harvard because of his demeanor and went home. The Plaintiff called Mr. Major a few hours after being sent home. Mr. Major did not pick up. The Plaintiff then called Mr. Harvard and was told he was fired and should return to collect the Plaintiff's belongings. Mr. Harvard said Mr. Major was the one who told him to fire the Plaintiff.

55. The Plaintiff engaged in protected activity under the FWA when he objected to and/or refused to operate his assigned dump truck which actually violated of 49 CFR Part 571.

56. The Plaintiff was terminated because he engaged in protected activity.

57. As a direct result of Plaintiff's objections to, or refusals to participate in, such activities, policies, or practices which were in actual violation of one or more laws, rules, and regulations, Corp. Defendant took retaliatory personnel action against her as defined by the Act, in that it terminated Plaintiff's employment.

**WHEREFORE**, the Plaintiff, ROSS LANE NELSON, demands judgment in his favor and against the Defendant, MAJOR SITE DEVELOPMENT INC., for damages and relief as follows:

(a) compensatory damages for lost wages, benefits, and any other applicable remuneration;

(b) other compensatory damages as permitted by law;

(c) Reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position or front pay;

(d) Plaintiff's attorneys' fees and costs of this action, pursuant to Florida Statutes Section 448.104;

(e) injunctive relief prohibiting any further retaliatory action as provided under Florida Statutes § 448.103(2)(a); and

(f) any other such relief this Court deems just and proper.

## JURY DEMAND

58. The Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: October 20, 2022.

Respectfully submitted,

By: /s/Frank M. Malatesta, Esq.
**FRANK M. MALATESTA, ESQUIRE**
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256 - 3812
Facsimile No.: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*