UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROSS LANE NELSON,**

    **Plaintiff,**

v.                                       **Case No.: 8:22-cv-2409-VMC-AAS**

**MAJOR SITE DEVELOPMENT, INC.
and ROBERT L. MAJOR, individually,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Ross Lane Nelson moves for default judgment against Major Site Development, Inc. and Robert L. Major (collectively, the defendants) under Federal Rule of Civil Procedure 55(b). (Doc. 22). The defendants did not respond, and the time to do so has expired. *See* Local Rule 3.01(c), M.D. Fla.[1] The undersigned recommends Mr. Nelson's motion be **GRANTED in part and DENIED in part**.

**I.  BACKGROUND**

Mr. Nelson sued the defendants for violations of the Florida Minimum

---

[1] Because the defendants failed to timely respond to Mr. Nelson's motion for default judgment, the court may treat the motion as unopposed. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed.").

1

Wage Act (FMWA) (counts I and II), the Fair Labor Standards Act's (FLSA) overtime provisions (count III), and retaliation under the Florida Private Whistleblowers Act (FWA) (count IV). (Doc. 1). After failing to respond to the compliant, Mr. Nelson moved for a clerk's default, which was entered. (Docs. 10, 11). Mr. Nelson now requests a final default judgment against the defendants, and an award of damages and attorney's fees. (Doc. 11).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is requested fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, a plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

If the plaintiff is entitled to default judgment, then the court must consider the plaintiff's requested relief. If the plaintiff requests damages, the plaintiff bears the burden of demonstrating entitlement to recover the damages requested. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pled allegations of fact, allegations relating to damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages. *Id.* (citing *Miller v. Paradise of Port Richey,*

3

*Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). "A court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of calculation, the law requires the court hold an evidentiary hearing to assess the amount of damages. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985). However, no hearing is required "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

### III. ANALYSIS

#### A. Jurisdiction

The court has subject matter jurisdiction based on federal question jurisdiction. 28 U.S.C. § 1331. The court has personal jurisdiction over the defendants because Major Site Development, Inc. is a Florida for profit corporation conducting business in Florida and Mr. Major is the majority

4

shareholder. (*See* Doc. 1, ¶¶ 4–5).

### B.     Clerk's Default

Mr. Nelson filed returns of service, in which the process server asserted he served the defendants by serving Major Site Development, Inc.'s registered agent and Mr. Major personally on December 14, 2022. (*See* Docs. 5, 6). Thus, the defendants had 21 days from service to respond to the complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). But the defendants failed to timely respond and were in default. The clerk properly entered defaults against the defendants. (Docs. 10, 11).

### C.     FLSA Liability (Count III)

The FLSA requires employers pay their employees at least one and one-half times their regular rate for every hour worked over forty hours per week. 29 USC § 207(a)(1). "An unpaid-overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work." *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801 (11th Cir. 2015). To establish a claim, "an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages." *Ray v. Adams and Assocs. Inc.*, 599 F.

5

Supp. 3d 1250, 1256 (S.D. Fla. 2022). An employer who violates Section 207 is liable to the affected employee for their unpaid overtime wages and may be additionally liable for an equal amount as liquidated damages. 29 U.S.C. § 216(b).

Mr. Nelson adequately alleges an employment relationship between himself and the defendants. (Doc. 1, ¶ 7). Mr. Nelson alleges he worked for the defendants as a dump truck driver from December 20, 2021 until June 21, 2022. (*Id.*, ¶¶ 12–13). Mr. Nelson alleges the defendants engaged in interstate commerce because they obtained, solicited, and accepted funds from outside the State of Florida, used telephonic transmissions over state lines to do its business, and transmitted funds outside the State of Florida. (*Id.*, ¶¶ 8–9). Mr. Nelson also alleges that upon information and belief, the annual gross revenue of the defendants exceeded $500,000 per annum. (*Id.*, ¶ 10). Finally, Mr. Nelson alleges he worked unpaid overtime and the defendants willfully failed to pay him overtime compensation. (*Id.*, ¶ 46). Thus, Mr. Nelson's FLSA claim states a plausible claim for relief.

A court may award damages under a default judgment if those damages are adequately supported by the record. *See Adolph Coors Co.*, 777 F.2d at 1544 (11th Cir. 1985) (internal citations omitted); *Swisher v. The Finishing Line,*

6

*Inc.*, No. 6:07-cv-1542-ORL-28UAM, 2008 WL 4330318, at *2 (M.D. Fla. Sept. 22, 2008) ("A plaintiff may establish the necessary amount of damages by affidavit."). Because neither the complaint nor the record includes adequate information to determine the damages that Mr. Nelson is entitled, the undersigned recommends the court direct Mr. Nelson to file a declaration setting forth the dates and hours Mr. Nelson worked overtime for the defendants. Mr. Nelson also should file any other documentation or support for the amount owed to Mr. Nelson on his FLSA claim for overtime compensation.

### D.   **FMWA Liability (Counts I and II)**

To prevail on a claim for unpaid minimum wages under the FMWA, a plaintiff must establish the same three elements required under the FLSA:

> that the plaintiff was employed by an employer covered by the FLSA during the period involved; that the plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and that the employer failed to pay the plaintiff the minimum wage and overtime compensation required by law.

*Kwasnik v. Charlee Fam. Care Servs. of Cent. Fla., Inc.*, No. 6:08-cv-926-Orl-31KRS, 2009 WL 1607809, at *4 (M.D. Fla. June 9, 2009). The FMWA also provides:

> [P]rior to bringing any claim for unpaid minimum wages pursuant to [the FMWA], the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to

7

> initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

FLA. STAT. 448.110(6)(a).

Mr. Nelson alleges he provided the defendants with proper notice of his FMWA claims on July 25, 2022. (Doc. 1, ¶ 26). For the reasons previously discussed, the undersigned finds Mr. Nelson established the necessary elements to prevail on a claim for unpaid wages under the FLSA, and thus also under the FMWA. Accordingly, the undersigned finds Mr. Nelson sufficiently demonstrated that the defendants violated the FWMA's minimum wage provisions. However, the undersigned recommends the court direct Mr. Nelson to file a declaration supporting his claim for unpaid wages. Mr. Nelson also should file any other documentation or support for his claim.

### E.  **FWA Violations (Count IV)**

The FWA provides employees with a cause of action against employers who take certain retaliatory action against their employees. Under this Florida statute, "[a]n employer may not take any retaliatory personnel action against an employee because the employee has: . . . (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in

8

violation of a law, rule, or regulation." FLA. STAT. § 448.102(3). "To establish a prima facie case under the FWA, a plaintiff must show that: (1) he objected to or refused to participate in any illegal activity, policy or practice of the employer; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal." *LE Publ'ns, Inc. v. Kohl*, 298 So. 3d 642, 645 (Fla. 4th DCA 2020); *see also Butterfield v. JetBlue Airways Corp.*, No. 20-13473, 2022 WL 291003, at *4 (11th Cir. Feb. 1, 2022).

Mr. Nelson adequately alleges he objected to or refused to participate in any illegal activity, policy, or practice of the defendants. *See LE Publ'ns, Inc.*, 298 So. 3d at 645. Specifically, Mr. Nelson alleges he objected to and refused to operate the defendant's dump truck because: (a) the vehicle's lights were not operational, including but not limited to hazards, taillight, break light, turn signal, and head light, (b) it was leaking oil, and (c) there was an air leak. (Doc. 1, ¶ 50). Mr. Nelson alleges he was terminated for refusing to operate the vehicle, which is an adverse employment action. (Doc. 1, ¶ 57).

However, FLA. STAT. § 448.103(c) provides [a]n employee may not recover in any action brought pursuant to this subsection if he failed to notify the employer about the illegal activity, policy, or practice as required by s.

9

448.102(1). Section 448.102(1) provides,

> However, this subsection does not apply unless the employee has, *in writing*, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice.

(emphasis added).

Mr. Nelson has not established he met FWA's notice requirement and is entitled to relief under the FWA. Thus, the undersigned recommends the court deny Mr. Nelson's request for a default judgment against the defendants on his FWA claim.

### F. Amount of Attorney's Fees[3]

Mr. Nelson requests attorney's fees under the FLSA, FMWA, and FWA. Because the undersigned recommends judgment in Mr. Nelson's favor on his FLSA and FMWA claims, Mr. Nelson may recover from the defendants his reasonable attorney's fee in bringing those two claims. When a party makes a claim for attorney's fees, it is the party's burden to establish entitlement and document the appropriate hours and hourly rate. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Mr. Nelson has not provided any documentation supporting a request for attorney's fees. The

---

[3] Costs should be taxed in compliance with Federal Rule of Civil Procedure 54(d)(1).

undersigned thus recommends the court direct Mr. Nelson to file the appropriate papers supporting his request.

## IV. CONCLUSION

It is respectfully **RECOMMENDED** that:

1. Mr. Nelson's Motion for Default Judgment (Doc. 22) be **GRANTED in part and DENIED in part**.

2. Mr. Nelson be ordered to file the requisite documentation supporting his request for a specific award of damages and attorney's fees under the FLSA and FMWA by separate motion.

3. Entry of judgment be reserved until damages and attorney's fees are determined.

**ENTERED** in Tampa, Florida on July 20, 2023.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

### NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and

11

recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.

cc:

Major Site Development, Inc.
c/o Registered Agent, Robert L. Major
4630 10th St.
Sarasota, FL 34232

Robert L. Major
4630 10th St.
Sarasota, FL 34232