```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

ROSS LANE NELSON,

    Plaintiff,
v.                                  Case No. 8:22-cv-2409-VMC-AAS

ROBERT L. MAJOR and
MAJOR SITE DEVELOPMENT, INC.,

    Defendants.
_____/

## ORDER

This matter is before the Court on consideration of United States Magistrate Judge Amanda Arnold Sansone's Report and Recommendation (Doc. # 23), recommending that Plaintiff's Motion for Default Judgment Against Defendants (Doc. # 22), seeking entry of default judgment against Defendants Major Site Development, Inc., and Robert L. Major, be granted in part and denied in part. Specifically, the Report and Recommendation recommends granting default judgment for Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act ("FMWA"), and awarding attorney's fees related to those claims. (Id. at 5-8, 10-11). The Report and Recommendation also recommends denying default judgment for Plaintiff's claim pursuant to the Florida Private Sector Whistleblower's Act ("FWA"). (Id. at 8-10).

1

On August 3, 2023, Plaintiff filed a partial objection, arguing that he was not required to have submitted written notice to his employer to be entitled to default judgment on his claim under the FWA. (Doc. # 24). Plaintiff did not object to the Report and Recommendation's conclusions regarding his claims pursuant to the FLSA or the FMWA, nor the conclusions regarding his entitlement to attorney's fees based on his FLSA and FMWA claims. No response to the objection has been filed, and the time for the parties to file such objections has elapsed.

The Court accepts and adopts the Report and Recommendation regarding entitlement to default judgment under the FLSA and FMWA and corresponding attorney's fees. However, it also sustains Plaintiff's objection and grants default judgment under the FWA.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993

2

F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendation. 28 U.S.C. § 636(b)(1)(C). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. Stokes v. Singletary, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions, and recommendations, and giving *de novo* review to matters of law, the Court accepts the factual findings and legal conclusions of the Magistrate Judge regarding Plaintiff's entitlement to default judgment under the FLSA and FMWA, and to corresponding attorney's fees.

However, the Court also sustains Plaintiff's objection to the Report and Recommendation's conclusion that Plaintiff is not entitled to default judgment based on his FWA claim. The Report and Recommendation found that while Plaintiff had established a prima facie case under the FWA, he was not

3

entitled to default judgment because he had failed to comply with Florida Statute § 448.103(1)(c). (Doc. # 23 at 9-10).

Section 448.103(1)(c) states:

> An employee may not recover in any action brought pursuant to this subsection if he or she failed to notify the employer about the illegal activity, policy, or practice as required by [section] 448.102(1) or if the retaliatory personnel action was predicated upon a ground other than the employee's exercise of a right protected by this act.

Fla. Stat. § 448.103(1)(c). Section 448.102(1) requires that an employee seeking relief due to retaliation stemming from an employee's disclosure of their employer's unlawful activities notify their employer in writing of the "activity, policy, or practice" and "afford[] the employer a reasonable opportunity to correct the activity, policy or practice." Fla. Stat. § 448.102(1). Because Plaintiff had not alleged in the complaint that he had provided his employer with written notice, the Magistrate Judge recommended the Court deny Plaintiff's request for default judgment on this claim. (Doc. # 23 at 10).

Plaintiff's objection cites Golf Channel v. Jenkins, 752 So. 2d 561 (Fla. 2000), to argue that written notice is not required for an employee to prevail on claims under Florida Statute § 448.102(3), such as Plaintiff's claim. (Doc. # 24

4

at 2-3). This Court agrees. Golf Channel held that "the requirement that employees give their employers written notice . . . . does not apply to . . . objection claims brought pursuant to subsection 448.102(3) based on the employee's objection to the unlawful activity of the employer." Golf Channel, 752 So. 2d at 567-68. Therefore, the written notice requirement does not apply to Plaintiff's claim and Plaintiff is entitled to default judgment under the FWA. As such, Plaintiff is directed to file additional documentation and support demonstrating the appropriate remedies to which he is entitled for his FWA claim.[1]

Plaintiff's Motion for Default Judgment (Doc. # 23) is granted. Specifically, default judgment is granted as to Plaintiff's claims for violations of the FLSA, FMWA, and FWA. Plaintiff is also entitled to attorney's fees as to his FLSA and FMWA claims.

---

[1] This Court notes that, while Plaintiff may also be entitled to attorney's fees related to his FWA claim, see Fla. Stat. § 448.104 ("A court may award reasonable attorney's fees, court costs, and expenses to the prevailing party."), Plaintiff intends to move for attorney's fees related to his FWA claim after damages related to this claim have been determined, see (Doc. # 22 at 5 n.2) (stating that Plaintiff "intends to move for attorneys' fees and costs after the conclusion of the evidentiary hearing or jury trial on damages under [the FWA count]"). Therefore, this Court will refrain from addressing this issue at this time.

5

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 23) is **ADOPTED in part.**

(2) Plaintiff's Motion for Default Judgment (Doc. # 22) is **GRANTED.**

(3) Plaintiff is entitled to a default judgment against Defendants Robert L. Major and Major Site Development, Inc., on Plaintiff's claims under the Fair Labor Standards Act, Florida Minimum Wage Act, and Florida Private Sector Whistleblower's Act. Plaintiff is also entitled to reasonable attorney's fees incurred in bringing claims pursuant to the Fair Labor Standards Act and Florida Minimum Wage Act.

(4) Plaintiff is directed to file additional documentation to support damages and other remedies to which he is entitled by October 26, 2023. Specifically, Plaintiff is directed to file a declaration setting forth the dates and hours he worked overtime for Defendants to establish damages owed based on his Fair Labor Standards Act claim, along with any other documentation needed to support the amount that he is owed for overtime compensation. Plaintiff is also directed to file a declaration

supporting his claim for unpaid wages under the Florida Minimum Wage Act, along with any additional documentation and support for his claims. Plaintiff is further directed to file briefing and documentation to support the damages and other relief requested pursuant to the Florida Private Sector Whistleblower's Act. Finally, Plaintiff is directed to file appropriate papers to support his requests for attorney's fees.

(5) Entry of judgment will be reserved until damages, attorney's fees, and other remedies are determined.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of October, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

7